MIKE MARGOLIS  SBN: 087785
margolis@winlaw.com
TIMOTHY J. MARTIN  SBN: 150304
tmartin@winlaw.com
LINDA M. TOUTANT  SBN: 158866
toutant@winlaw.com
MARGOLIS & TISMAN LLP
444 South Flower Street, Suite 2300
Los Angeles, California  90071
Telephone: (213) 683-0300
Facsimile: (213) 683-0303

Attorneys for Defendant/Counterclaimant
PANDUN, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| HORIZON LOGISTICS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PANDUN, INC.,<br><br>　　　　Defendant. | Case No. CV12-00414 GW (MRWx)<br><br>[PROPOSED]<br>**PROTECTIVE ORDER** |
| PANDUN, INC.,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>HORIZON LOGISTICS, LLC,<br><br>　　　　Counterdefendant. | |

_____
[PROPOSED] PROTECTIVE ORDER

## 1. PURPOSES AND LIMITATIONS

The parties have represented to the court that discovery activity in this action, including discovery from Non-Parties, may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in this litigation or Related Litigation (as defined in Section 2.15 below) would not be warranted. Accordingly, the parties have stipulated to, and represent to the court that they seek entry of, the following Stipulated Protective Order (the "Order").

## 2. DEFINITIONS

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that a Party or Non-Party asserts qualifies for protection against unrestricted disclosure.

2.3 <u>Counsel</u> (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staffs).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in connection with discovery as "Confidential".

2.5 <u>Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in connection with discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>House Counsel</u>: attorneys who are employees of a Party.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

1

[PROPOSED] PROTECTIVE ORDER

Printed on Recycled Paper

2.9     Outside Counsel of Record:  attorneys who are not employees of a Party but who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any party to this action or the Related Litigation, including Synter, and its officers, directors, employees, consultants, Experts, House Counsel and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping; translating; preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

2.13    Protected Material:  any Discovery Material that is designated as "Confidential".

2.14    Receiving Party:  a Party that receives Discovery Material from a Producing Party and in the case of Synter, a Party that receives Discovery Materials from a Producing Party or Receiving Party.

2.15    Related Litigation:  Los Angeles Superior Court Case No. BC 472216, *Pandun, Inc. v. Synter Resource Group, LLC, et al.*

2.16    Synter:  Synter Resource Group, LLC.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information contained in, copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

2

[PROPOSED] PROTECTIVE ORDER

Printed on Recycled Paper

## 4. DURATION

Even after final disposition of this litigation or the Related Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action or the Related Litigation, with or without prejudice; and (2) final judgment herein or in the Related Litigation after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 *Exercise of Restraint and Care in Designating Material for Protection*. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 *Manner and Timing of Designations*. Except as otherwise provided in this Order (see, e.g., paragraph Section 5.2(a)(1) below), or as otherwise stipulated or ordered, Discovery material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

3

[PROPOSED] PROTECTIVE ORDER

Printed on Recycled Paper

(a) <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(1) A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(1) When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or Non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days from the date when the court reporter transmits the transcript to the Parties to identify the specific portions of the testimony as to which protection is sought. Only those portions of the

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

4

[PROPOSED] PROTECTIVE ORDER

Printed on Recycled Paper

testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Order.

(2) Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" as instructed by the Designating Party.

(c) <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL". If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a confidentiality designation at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

5

[PROPOSED] PROTECTIVE ORDER

Printed on Recycled Paper

and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a noticed motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion shall comply in full with the provisions of USDC Central District Local Rule 37, including the joint filing and pre-filing conference requirements. As well, each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

6

[PROPOSED] PROTECTIVE ORDER

Printed on Recycled Paper

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

   7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or the Related Litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13, below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2 <u>Disclosure of 'CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated CONFIDENTIAL may be disclosed only to:

    (a) The Receiving Party (including Synter) and the Receiving Party's Counsel in this action or the Related Litigation (including Synter's Outside Counsel of Record, who also shall sign the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A), as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation or the Related Litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    (b) The officers, directors, and employees (including House Counsel) of the Receiving Party (including Synter) to whom disclosure is reasonably necessary for this litigation or the Related Litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    (c) Experts (as defined in this Order) of the Receiving Party (including Synter) to whom disclosure is reasonably necessary for this litigation or the Related Litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

7

[PROPOSED] PROTECTIVE ORDER

Printed on Recycled Paper

(d) The Court and its personnel;

(e) Court reporters and their staffs, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation or the Related Litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(f) During their depositions, witnesses in the action and the Related Litigation to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g) The author of the document or the original source of the information.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

8.1 If a Receiving Party is served with a subpoena or a court order issued in the Related Litigation or other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must:

(a) Promptly notify the Designating Party in writing (by email or fax). Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

8

[PROPOSED] PROTECTIVE ORDER

Printed on Recycled Paper

        8.2    If the Designating Party timely seeks a protective order or other protection, the Party served with the subpoena or court order shall not produce any information designated in this action as protected before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. PROTECTED MATERIAL OF SYNTER OR A NON-PARTY SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by Synter or a Non-Party in this action and designated as "CONFIDENTIAL".  Such information produced by Synter or Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting Synter or a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce Synter's or a Non-Party's confidential information in its possession, which information has not been designated in this action as "CONFIDENTIAL", but the Party is subject to an agreement with Synter or the Non-Party not to produce Synter's or the Non-Party's confidential information, then the Party shall:

    1.    promptly notify in writing the Requesting Party and Synter or the Non-Party that some or all of the information requested is subject to a confidentiality agreement with Synter or a Non-Party;

    2.    promptly provide Synter or the Non-Party with a copy of this Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

9

[PROPOSED] PROTECTIVE ORDER

Printed on Recycled Paper

      3.      make the information requested available for inspection by Synter or the Non-Party.

(c)    If Synter or the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce Synter or the Non-Party's confidential information responsive to the discovery request. If Synter or the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with Synter or the Non-Party before a determination by the court. The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of Synter or a Non-Party and to afford Synter or the Non-Party an opportunity to protect its confidentiality interests in this Court. Absent a court order to the contrary, Synter or the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

10

[PROPOSED] PROTECTIVE ORDER

Printed on Recycled Paper

Procedure 26(b)(5)(B).

Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties to this action agree and the Court orders as follows:

(a) An "Inadvertently Produced Document" is a document that a Producing Party provides to a Receiving Party in this case but that, had the Producing Party fully considered the matter, would have been withheld by the Producing Party, in whole or in part, based on a claim of privilege, work product protection, confidentiality or other restrictions on disclosure.

(b) Irrespective of whether the Producing Party took reasonable steps to prevent disclosure, providing an Inadvertently Produced Document shall neither constitute the voluntary disclosure of such document, any portion of such document, or any of its contents, nor waive or prejudice, in this or any other Federal or State proceeding, any claims of privilege, work product protection, confidentiality or other restrictions on disclosure that the Producing Party may otherwise be or have been entitled to assert with respect to such document, any portion of such document, or any of its contents (including with respect to identical, similar or related information contained in other documents or elsewhere) if: (i) the Producing Party notifies the Receiving Party in writing within fifteen (15) days of discovering that the Producing Party has provided an Inadvertently Produced Document; and (ii) this notice contains information sufficient to identify the Inadvertently Produced Document, such as the Bates-number(s) associated with such document; and (iii) this notice identifies the claim of privilege, work product protection, confidentiality or other restrictions on disclosure asserted.

(c) Upon receipt of the notice set forth in paragraph (b) above, the Receiving Party shall refrain from any further review or use of the Inadvertently Produced Document or any information derived from it. Within five (5) days of receiving the notice, the Receiving Party must return the Inadvertently Produced Document to the Producing Party and must destroy all copies of the Inadvertently

[PROPOSED] PROTECTIVE ORDER

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

Printed on Recycled Paper

Produced Document and any other documents that summarize, discuss or quote the Inadvertently Produced Document.

(d)   In addition, upon receipt of the notice set forth in paragraph (b) above, the Receiving Party must undertake reasonable and good faith efforts to notify any person or entity who may have received a copy of the Inadvertently Produced Document or any information from such document from the Receiving Party of the fact that it has been identified as an Inadvertently Produced Document, provide that person with a copy of this Order, and ask that the person return or destroy all copies of the Inadvertently Produced Document and any other documents that summarize, discuss or quote the Inadvertently Produced Document.

(e)   This Order shall not preclude the Receiving Party from making a motion to compel production of documents or information returned under paragraph (c) above on a basis other than a waiver of protection because of its inadvertent disclosure. The Producing Party shall retain copies of all returned documents for further disposition.

## 12.   MISCELLANEOUS

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party or Non-Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   <u>Filing Protected Material.</u>   If a Party wishes to file any Protected Material in the public record, it must give the Designating Party ten calendar days' notice of intent to file. If the Designating Party objects, it should notify the submitting Party and file an application to file or require the filing of documents under seal within two court days prior to the expiration of that ten day

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

12

[PROPOSED] PROTECTIVE ORDER

Printed on Recycled Paper

notice period.  Any motion to file documents or require the filing of documents under seal shall comply in full with the provisions of USDC Central District Local Rule 79-5.

### 13. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after final disposition, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, notes or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating party, the Receiving Party may destroy some or all of the Protected Material in a manner agreed in writing instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION), above.

PURSUANT TO STIPULATION BY THE PARTIES, AND GOOD CAUSE APPEARING, IT IS SO ORDERED.

DATED: July 9, 2012

HON. MICHAEL R. WILNER
United States Magistrate Judge

13

[PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Horizon Logistics, LLC, et al. v. Pandun, Inc., et al.*, U.S.D.C. Case No. CV12-00414 GW (MRWx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Print Name: _____

Signature: _____

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

14

_____
[PROPOSED] PROTECTIVE ORDER

Printed on Recycled Paper